UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GUY ALLEN SALLIS,

        Petitioner,

v.

        CASE NO. 2:08-CV-14743
        HONORABLE STEPHEN J. MURPHY, III

MICHAEL CURLEY,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION AND DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS**

**I. INTRODUCTION**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner Guy Allen Sallis, a state prisoner confined at the Ojibway Correctional Facility in Marenisco, Michigan, asserts that he is being held in violation of his constitutional rights. Sallis was convicted of one-count of first-degree criminal sexual conduct and two counts of second-degree criminal sexual conduct following a jury trial in the Wayne County Circuit Court and was sentenced to concurrent terms of five to 20 years imprisonment and five to 15 years imprisonment on those convictions in 2005. In his petition, Sallis alleges that he is entitled to habeas relief because: (1) the prosecutor knowingly used perjured testimony at trial, (2) the prosecutor engaged in misconduct by emphasizing prior bad acts, (3) the prosecutor engaged in misconduct by bolstering the victim's testimony, (4) the prosecutor impermissibly elicited opinion testimony from prosecution witnesses, and (5) the prosecutor

1

impermissibly vouched for the credibility of prosecution witnesses. This matter is before the Court on Respondent's motion to dismiss the petition for failure to fully exhaust state court remedies. For the reasons stated, the Court concludes that Sallis has not properly exhausted his state court remedies on two of his five habeas claims and dismisses without prejudice the petition for writ of habeas corpus. The Court also denies a certificate of appealability and leave to proceed on appeal in forma pauperis.

## II.  PROCEDURAL HISTORY

Petitioner Sallis' convictions arise from his sexual assault of his step-daughter at their home in Wayne County, Michigan. Following his convictions and sentencing, Sallis filed an appeal as of right with the Michigan Court of Appeals in which he raised the following claims in an initial and supplemental brief:

I. The admission of 404(b) testimony regarding the alleged prior wrongful sexual conduct denied him a fair trial.

II. He was denied a fair trial by the admission of improper opinion testimony.

III. He is entitled to resentencing on the second-degree criminal sexual conduct counts because the wrong guidelines sentencing grid was used at sentencing.

IV. He is entitled to a new trial where the prosecutor impermissibly vouched for the credibility of prosecution witnesses and elicited impermissible opinion testimony from prosecution witnesses.

The Michigan Court of Appeals affirmed Sallis' convictions and sentence. *People v. Sallis*, No. 267261, 2007 WL 1138419 (Mich. Ct. App. April 17, 2007) (unpublished). He then filed an application for leave to appeal with the Michigan Supreme Court raising the same four claims, which was denied. *People v. Sallis*, 480 Mich. 950, 741 N.W.2d 317 (Nov. 29, 2007). Sallis signed his federal habeas petition on November 5, 2008 and it was

filed by the Court on November 10, 2008. Respondent filed the instant motion to dismiss on May 14, 2009. Sallis filed a reply to the motion on June 26, 2009.

### III. ANALYSIS

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. See 28 U.S.C. §§ 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to the state courts. The claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. See *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); see also *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. See *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. See *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); see also *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Sallis has not met his burden of demonstrating exhaustion of state court remedies. The state court records filed with the Court reveal that he did not present his first habeas claim, alleging that the prosecutor knowingly presented perjured testimony, to the state courts at all and that he did raise his second habeas claim, alleging that the prosecutor

3

engaged in misconduct by emphasizing prior bad acts, as a distinct prosecutorial misconduct claim in the state courts. He has thus failed to properly exhaust two of his five habeas claims in the state courts before proceeding on federal habeas review.

Generally, a federal district court should dismiss a "mixed" petition for writ of habeas corpus, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies). Additionally, a federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on his perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id.* at 277.

4

Sallis has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and pursue his unexhausted issues in the state appellate courts as necessary.

Additionally, the one-year statute of limitations, *see* 28 U.S.C. § 2244(d), does not pose a problem for Sallis as long as he pursues his state court remedies in a prompt fashion. The one-year limitations period did not begin to run until 90 days after the conclusion of his direct appeals, *see Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), on or about February 27, 2008. It then ran for just over eight months, until November 5, 2008, when he signed his habeas petition and submitted it to prison officials for mailing. The one-year period will be tolled during the time in which any properly filed state post-conviction or collateral actions are pending. *See* 28 U.S.C. § 2244(d)(2); *see also Carey v. Saffold*, 536 U.S. 214, 219-221 (2002); *Abela v. Martin*, 348 F.3d 164, 166 (6th Cir. 2003). While the time in which his habeas case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by the Court. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). Given that more than three months of the one-year limitations period remains, Sallis has sufficient time in which to fully exhaust his issues in the state courts and return to federal court should he wish to do so. A stay is unnecessary.

Sallis has also not shown good cause for failing to exhaust his claims in the state courts, *i.e.*, by filing a motion for relief for judgment, before proceeding in federal court on

habeas review.  Moreover, his unexhausted claims appear to concern matters of federal law which may warrant further review.  His unexhausted claims should therefore be addressed to, and considered by, the state courts in the first instance.

Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  *See* 28 U.S.C. § 2254(d).  If this Court were to review the unexhausted claims, such action would deny the state courts the deference to which they are entitled.  The state courts must first be given a fair opportunity to rule upon all of Sallis' claims before he litigates those claims in this Court.  Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

## IV.  CONCLUSION

For the reasons stated, the Court concludes that Sallis has not exhausted his state court remedies as to the first two claims contained in his habeas petition.  Accordingly, the Court **GRANTS** Respondent's motion and **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus.  Should Sallis wish to delete the unexhausted claims and proceed only on the fully exhausted claims, he may move to re-open this case and amend his petition to proceed on the exhausted claims within 30 days of the filing date of this order.  The Court makes no determination as to the merits of his claims.

Before Sallis may appeal this decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed on appeal in forma pauperis as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED***.*

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 13, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 13, 2009, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager